**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WANDA Z. RUTTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-07-3002 |
| | § | |
| PICERNE DEVELOPMENT | § | |
| CORPORATION OF FLORIDA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Wanda Z. Rutter, sued three defendants, Kelley & Picerne, Inc., Picerne Development Corporation of Florida, and Picerne Investment Corporation, referring to them collectively in her complaint as "Picerne" and referring to herself as "an employee of Picerne." (Docket Entry No. 1 at 3). Rutter alleged that while she was working for Picerne on construction projects in both Texas and Florida, she experienced sexual discrimination in the form of unequal compensation. She alleged that while she was working for Picerne on a construction project in Florida, she was subjected to sexual harassment. And she alleged that after she returned to Texas, she was fired or constructively discharged for having complained about the unequal pay and sexual harassment. *(Id*. at 4-5).

Rutter is a Texas resident. The defendants are affiliated companies in the construction business. Picerne Development Corporation of Florida asserts that it was Rutter's employee. It has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the

basis that the complaint is inadequate under Rule 8 and Rule 10(b).  Picerne Development has also moved to transfer venue to the Middle District of Florida under 28 U.S.C. § 1406, asserting that venue in Texas is improper.  (Docket Entry No. 5).  Picerne Investment Corporation has moved to dismiss under Rule 12(b)(6) on the ground that Rutter failed to allege facts that show a basis for liability under an integrated enterprise theory.  Alternatively, Picerne Investment has also moved to transfer to Florida under section 1406, on the ground that venue in Texas is improper.  (Docket Entry No. 6).  Rutter has responded to both motions.  (Docket Entry Nos. 9, 10).

Based on a careful review of the pleadings, the motions and responses, the parties' submissions, and the applicable law, this court denies the motions to dismiss and denies the motions to transfer.  The reasons are set out below.

**I.     Background**

In the complaint, Rutter alleged that in December 2000 she began working for Picerne, which is in the construction business, in Houston, Texas.  Rutter worked as a site superintendent.  Rutter alleged that she and other female site superintendents were paid less for the same work than their male counterparts.  She alleged that the pay discrimination extended to the application of the bonus system for projects completed on time and within budget, compensation for "down times," payment of moving expenses for relocation from one project to another, and support at the job sites.

In December 2004, Picerne transferred Rutter to work at a construction job site in Florida.  During her work in Florida, Rutter was allegedly not only subjected to continued

discrimination in pay, but also to sexual harassment by a supervisor. Rutter alleged that Picerne did not respond to her complaints about the discrimination or harassment. She alleged that she was discharged, actually or constructively, as a result of those complaints. She sued in the Southern District of Texas, alleging claims under Title VII, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, 29 U.S.C. § 206(d) *et. seq.*, and under Texas state law, TEX. LAB. CODE § 21.055. (Docket Entry No. 1).

## II.     The Motions to Dismiss

### A.     The Legal Standard

In a motion to dismiss under Rule 12(b)(6), "well-pleaded factual allegations in the complaint are accepted as true," and "[t]he complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff." *Woodward v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the long-standing principle, recently restated in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Hishon*, 467 U.S. at 73), that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," no longer applies. In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Court held that a plaintiff must go beyond mere "labels and conclusions" in stating the grounds on which she is entitled to relief, and emphasized that "a formulaic recitation of the elements of a cause of action will not do." The Court stated that it was taking an approach consistent with its prior opinion in *Swierkiewicz*, noting that in *Swierkiewicz,* "[w]e reversed on the ground that the Court of Appeals had

impermissibly applied what amounted to a heightened pleading requirement by insisting that Swierkiewicz allege 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief. . . . Here, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1973-74.

The issues presented by this case do not test the limits of *Twombly*. *See, e.g., Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 472 n.3 (6th Cir. 2007) (admitting that "the notice pleading requirement was amended slightly" by *Twombly*, but finding no need to closely examine the decision in a First Amendment case in which the plaintiff supported its allegations with specific facts); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007) ("[O]ur disposition of Weisbarth's claim does not depend upon the nuances of *Twombly's* effect on the dismissal standard. We therefore need not resolve the scope of that decision here.").

### B. Analysis

Picerne Investment Corporation moved to dismiss on the basis that Rutter does not sufficiently allege a basis to hold it liable under an integrated enterprise theory. Picerne Investment asserted that Picerne Development Corporation was Rutter's employer and that the complaint did not allege facts showing the relationship between the two companies.

In *Lusk v. FoxMeyer Health Corp.,* 129 F.3d 773, 777 (5th Cir.1997), the Fifth Circuit held that the term "employer" in Title VII should be construed broadly to include superficially distinct entities that are so interrelated as to constitute a single, integrated

enterprise. In considering whether a corporation related to an employer may be liable under Title VII as a joint or single employer, the Fifth Circuit follows the four-factor test adopted by the United States Supreme Court in the context of a labor dispute in *Radio Union v. Broadcast Services,* 380 U.S. 255, 257 (1965). *See Lusk*, 129 F.3d at 777; *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). "[T]he rule has emerged that superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer. Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino*, 701 F.2d at 404. The second of these four factors has been considered the most important. Courts have focused on the question of which entity made the final decisions regarding employment matters relating to the person claiming discrimination. *See Skidmore v. Precision Printing & Pakg., Inc.,* 188 F.3d 606, 617 (5th Cir. 1999); *Schweitzer v. Advanced Telemarketing Corp.,* 104 F.3d 761, 764 (5th Cir. 1997); *Goswami v. Aramco Servs. Co.*, No. Civ.A. H00-0929, 2001 WL 34840589, at *7 (S.D. Tex. March 22, 2001).

In this case, Rutter alleged that the defendants are liable as her employers under an integrated enterprise theory. *Twombly* does not require more specific pleading to satisfy Rule 8 or avoid dismissal under Rule 12(b)(6). Whether Picerne Investment Corporation is an "employer" under the integrated enterprise analysis for purposes of Title VII liability cannot, obviously, be determined on the basis of the pleadings. Most cases addressing the integrated

enterprise basis for liability do so under Rule 56, not Rule 12(b)(6), recognizing that "because the 'integrated enterprise' test involves a detailed fact driven analysis, prior to discovery, it would be inappropriate for the Court to evaluate whether [a defendant] can be held liable as an employer under Title VII." *Johnson v. Cook Composites and Polymers, Inc*. No. Civ. A. 99-4916 (JEI), 2000 WL 249251, at *4 (D.N.J. March 3, 2000); *Thomas v. Bet Sound-Stage Restaurant/BrettCo, Inc.*, 61 F. Supp. 2d 448, 456 (D. Md. 1999); *Dunn v. Tutera Group*, 181 F.R.D. 653, 660 (D. Kan. 1998); *Nielson v. Colo. Time Sys., Inc.,* No. 96-1096, 1996 WL 739016, at *2 (D. Colo. Dec. 24, 1996). Picerne Investment Corporation's motion to dismiss is denied.

Picerne Development Corporation of Florida has also moved to dismiss, challenging the complaint on the grounds that it does not contain separate counts for sex discrimination based on unequal pay and for sex discrimination based on sexual harassment and that it violates the pleading requirements of Rule 10(b). As to the first ground, the complaint is sufficient under Rule 8. As to the second ground, the separate-presentation requirement of Rule 10(b) applies only when the claims are founded on a "separate transaction or occurrence" and separation "facilitates the clear presentation of the matters set forth." FED. R. CIV. P. 10(b). Rutter's complaint alleges facts as to the manner in which her employer allegedly discriminated on the basis of sex, by paying female site superintendents less than male site superintendents for doing similar work in similar conditions, unequally applying a bonus system for job completion, paying less for "down time" between jobs, and providing less support on the job sites. The complaint sets out, in separately numbered paragraphs, the

allegations relating to sexual harassment. The complaint also sets out, in separately numbered paragraphs, the allegations relating to retaliation for complaining about discrimination and harassment. The motion to dismiss for inadequate pleading is denied.

## III.    The Motions to Transfer

Both defendants argue that venue in Texas is improper and move to transfer venue to Florida. The defendants rely on 28 U.S.C. § 1406, which governs transfers when venue has not been properly laid in the transferor court and provides that a court may transfer the case to a proper district "if it be in the interest of justice." 28 U.S.C. § 1406(a).

Title VII provides that venue is proper in:  (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed; (2) the judicial district in which the employment records relevant to such practice are maintained and administered; or (3) the judicial district in which the aggrieved person would have worked but for the unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). It can also be brought in the judicial district in which the defendant has its principal office. *Id.* The defendants argued that venue in the Southern District of Texas does not meet these requirements. Rutter responded that venue in Texas is appropriate because she alleged unlawful employment practices in Texas.

The record does not support a finding that venue is improper in this district. Rutter alleged and provided an affidavit stating that she lived and worked in Texas for the defendants from December 2000 until July 2005. During that period, she allegedly experienced unequal pay. In July 2005, she transferred to Florida and worked for the

7

defendants on construction projects there until May 2006. During her time in Florida, she allegedly experienced sexual harassment in addition to the ongoing discriminatory pay. She alleged that she was fired in Texas while recovering from a job-related injury.

The first prong of Title VII's venue provision is met. Rutter has adequately alleged that she experienced discrimination in the Southern District of Texas. The motion to transfer under section 1406 is denied.

**IV.    Conclusion**

The motions to dismiss or, alternatively, to transfer, are denied.

SIGNED on December 10, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge